Forest Hills Utility Co., Appellant, *v.* Public Utilities Commission of Ohio, Appellee.

[Cite as Forest Hills Utility Co. v. Pub. Util. Comm. (1974), 39 Ohio St. 2d 1.]

(No. 73-908—Decided July 3, 1974.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman* and *Mr. Rankin M. Gibson*, for appellant.

*Mr. William J. Brown*, attorney general, and *Mr. Keith F. Henley*, for appellee.

2

*Per Curiam.* This case is an appeal from an order of the Public Utilities Commission made pursuant to this court's decision in *Forest Hills Utility Co.* v. *Pub. Util. Comm.* (1972), 31 Ohio St. 2d 46, 285 N. E. 2d 702, wherein two prior orders of appellee, Public Utilities Commission, were reversed and the causes remanded to the commission for further proceedings.

Upon remand, the commission issued a new order and opinion in October 1972. A rehearing was granted appellant, and a further order was issued in September 1973 overruling appellant's objection to the October 1972 order.

Appellant contests the allowance made by the commission for working capital, construction financing, legal and administrative costs. The record shows that the commission allowed a collective total of $18,737 for these items.

Referring to legal and administrative expenses, the commission stated in its order:

"The commission is of the opinion that the allowance for legal and administrative expenses as part of the rate base was too high. Applicant failed to support such an allowance at the original hearing, and its annual reports to this commission, of which the commission takes administrative notice, do not support such an amount.

"A review of the applicant's annual reports on file for 1969 and prior years indicate that the *total* expenditures for general and miscellaneous expenses (including salaries of officers, clerks, office supply expenses, legal and professional services) amounts to $1,231.19. Furthermore, research of annual reports of five Ohio water companies found the total intangible property account represents .2 percent of the total capital investment.

"Based on the total allowance for legal and administrative costs, per the commission opinion and orders, the balance for legal and administrative costs amounts to 2.5 percent of RCN or $10,280. The commission has not previously analyzed legal and administrative costs for water companies, but previous analysis of telephone companies (of a like investment) found a range by account, from .75 percent to 3 percent, which, when based on a specific investment, produced an average of 1.75 percent.

"Thus, the commission is of the opinion that an allowance to applicant of 2.5 percent of the statutory rate base for legal and administrative costs is reasonable."

Appellant states that the "commission's analysis of legal and administrative costs for water companies and telephone companies was not available at the time of rehearing" and that appellant "had no opportunity to examine the cost analyses made by the commission." Appellant argues that this was a denial of due process. Appellee, to the contrary, argues that an administrative agency can "take administrative notice of facts gathered from its own records for the purpose of weighing or checking evidence that was otherwise properly introduced."

This court agrees with the appellant that the commission erred in this respect. In an annotation in 18 A. L. R. 2d 552, the following statement appears at page 562:

"Even though an administrative authority has statutory power to make independent investigations, it is improper for it to base a decision or findings upon facts so obtained, unless such evidence is introduced at a hearing or otherwise brought to the knowledge of the interested parties prior to decision, with an opportunity to explain and rebut."

Among the authorities cited for this proposition is the United States Supreme Court decision in *West Ohio Gas Co. v. Pub. Util. Comm.* (1935), 294 U. S. 63, wherein the court said, at page 69:

"* * * A hearing is not judicial, at least in any adequate sense, unless the evidence can be known."

Appellant also questions the 5.5 percent rate of return allowed by the commission.

The original order of the commission establishing a six percent rate of return related only to property used and useful in the operation of the utility. A separate rate of return of two percent was applied to property available for use. In this court's initial decision, it held that it was unlawful for the commission to fix two rates for the same utility but, as appellee points out, the court did not "require the commission to fix *any specific* rate of return."

In our initial decision, the court pointed out that "the

commission cannot reasonably order a utility to make improvements, authorize that utility to incur debt to pay for the improvements, and then establish a rate for the utility which does not recognize such indebtedness."

In the opinion of this court the rate of return set by the commission fails to sufficiently take into account the authorized indebtedness of appellant.

In addition to the objections made by appellant to the merits of the commission's order, appellant urges that it was denied due process because of the participation in the proceedings by Commissioner Bloomfield, who was one of the two commissioners participating in the September 1973 order of the commission. Prior to her appointment to the commission, Mrs. Bloomfield appeared as counsel for appellee in the appeal resulting in the initial decision of this cause.

In *Trans World Airlines* v. *Civil Aeronautics Board* (1958), 254 F. 2d 90, it was held that a solicitor for the Post Office Department who had represented the Post Office before the Civil Aeronautics Board, and who later became a member of that board, could not participate in proceedings before the board in which he had earlier participated as counsel for the Post Office. The court then said:

"* * * The fundamental requirements of fairness in the performance of such functions require at least that one who participates in a case on behalf of any party, whether actively or merely formally by being on pleadings or briefs, take no part in the decision of that case by any tribunal on which he may thereafter sit."

This court concurs in the reasoning of the court in the *Trans World Airlines* case and, therefore, Commissioner Bloomfield should not participate in any further proceedings of the commission in this cause.

Inasmuch as the order appealed from is unreasonable and unlawful, it is reversed, and the cause is remanded to the commission for further proceedings.

*Order reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.