County Commissioners' Association of Ohio et al.,
Appellants, *v.* Public Utilities Commission
of Ohio et al., Appellees.

[Cite as County Commissioners' Assn. v. Pub. Util. Comm.
(1980), 63 Ohio St. 2d 243.]

(No. 79-1461—Decided July 23, 1980.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee, Mr. Rankin M. Gibson, Mr. Robert J. Walter* and *Ms. Sharon V. Fladen,* for appellants.

*Mr. William J. Brown,* attorney general, and *Mr. Marvin I. Resnik,* for appellee Public Utilities Commission.

*Mr. Donald Morrison* and *Mr. Charles S. Rawlings,* for intervening appellee Ohio Bell Telephone.

*Per Curiam.* Appellants argue that there is no reasonable basis for distinguishing between schools and counties and, as a consequence, that the decisions and orders of the commission must be found to be unlawful and unreasonable based upon R. C. 4905.33 and 4905.35. Appellants also contend that the differentiation between counties and schools is violative of the Equal Protection and Due Process Clauses of the United States Constitution as well as the substantially equivalent guarantees afforded in Sections 1, 2, 16, and 19 of Article I of the Ohio Constitution.

In the case at bar appellants are arguing that the counties should receive the same treatment as the schools. This court can only reverse an order of the Public Utilities Commission on statutory grounds if it is unlawful or unreasonable. R. C. 4903.13.

R. C. 4905.33 states, in relevant part:

"No public utility shall directly or indirectly, or by any special rate, rebate, drawback, or other device or method, charge, demand, collect, or receive from any person, firm, or corporation a greater or lesser compensation for any services rendered, or to be rendered, except as provided in Chapters 4901, 4903, 4905, 4907, 4909, 4921, 4923, and 4925 of the Revised Code, than it charges, demands, collects, or receives from any other person, firm, or corporation for doing a like and contemporaneous service under substantially the same circumstances and conditions."

R. C. 4905.35 states:

"No public utility shall make or give any undue or unreasonable preference or advantage to any person, firm,

corporation, or locality, or subject any person, firm, corporation, or locality to any undue or unreasonable prejudice or disadvantage."

This court stated in paragraph ten of the syllabus in *Cleveland Elec. Illuminating Co.* v. *Pub. Util. Comm.* (1975), 42 Ohio St. 2d 403, as follows: "Different rates for various classes of customers may be charged by a utility where the classifications are based upon the quantity used, the time when used, the purpose for which used, the duration of use, and other reasonable considerations which essentially distinguish the service required to meet the various demands." See, also, *Mahoning Co.* v. *Pub. Util. Comm.* (1979), 58 Ohio St. 2d 40; *F. & R. Lazarus & Co.* v. *Pub. Util. Comm.* (1954), 162 Ohio St. 223.

If the facts before the commission form a reasonable basis for distinguishing between the counties and schools, we cannot reverse the commission on appellants' statutory claim.[1]

The equal protection and due process claims involve the failure of the commission to give the counties an economic benefit enjoyed by the schools. Under either guarantee, a rational-basis analysis must be used, for no fundamental right or suspect classification is involved. *Massachusetts Bd. of Retirement* v. *Murgia* (1976), 427 U.S. 307; *Dandridge* v. *Williams* (1970), 397 U.S. 471; *Breard* v. *Alexandria* (1951), 341 U.S. 622; *Holloway* v. *Brown* (1980), 62 Ohio St. 2d 65, 75. Under this analysis, the state action (which is allowing Ohio Bell to charge schools a rate different from that charged counties) is valid if it bears some rational relationship to a legitimate state interest.

The schools were given special treatment because of (1) their unique status, (2) their unique needs, (3) their inability to pass on costs, and (4) their financial plight. Although there are similarities between the counties and the schools, the differences justify the differential in treatment both under the statutes and the Ohio and United States Constitutions.

It is true that schools and counties are experiencing financial difficulties and both do rely on tax levies to pay their costs.

[1] It is urged by appellee Ohio Bell that the different treatment is permissible under R. C. 4905.34. Because of our disposition regarding R. C. 4905.33 and 4905.35, we find it unnecessary to reach this issue.

Schools, however, have a relatively inflexible small number of services they are expected to provide the public at large. As a consequence their inability to pass on costs is a highly significant factor herein. On the other hand, counties perform a multitude of services. Some of these, of course, are essential. Financial problems, however, are much more easily handled by the counties without a drop in essential services. Thus, the schools, *vis a vis* the counties, are uniquely in need of special treatment. Because of this uniqueness, we must hold that the commission's refusal to order that the counties be treated the same as the schools is not unlawful, unreasonable, or unconstitutional.

Appellants argue that they were denied due process of law when the commission administratively noticed the investigative case in appellants' complaint case. In *Forest Hills Utility Co.* v. *Pub. Util. Comm.* (1974), 39 Ohio St. 2d 1, this court reversed the commission's order in part, because the commission had administratively noticed facts obtained in an independent investigative proceeding in an improper manner.

In *Forest Hills Utility, supra,* the decision regarding administrative notice was based on the rule contained in Annotation 18 A.L.R. 2d 552, at page 562, as follows:

"Even though an administrative authority has statutory power to make independent investigations, it is improper for it to base a decision or findings upon facts so obtained, unless such evidence is introduced at a hearing or otherwise brought to the knowledge of the interested parties prior to decision, with an opportunity to explain and rebut."

In the case at bar, however, unlike the situation in *Forest Hills Utility, supra,* appellants had notice and ample opportunity in both proceedings to explain and rebut the evidence administratively noticed.[2]

Appellants claim that, somehow, the length of time required to issue an opinion and order in their complaint case rendered the order invalid. Unreasonable delay may be the

---

[2] The notice for the investigative case clearly informed the appellants of such a possibility and the appellants intervened in that case. Following the issuance of the opinion and order in the investigative case, the appellants had ample time to request an opportunity to rebut the record, but there is no indication that they made such a request prior to the hearing.

basis for the issuance of a writ of mandamus ordering that a decision be issued, see *State, ex rel. Turpin,* v. *Court of Common Pleas* (1966), 8 Ohio St. 2d 1, but, there is no basis, under the statutes or the Constitution, to invalidate a Public Utilities Commission's decision due to a delay in its issuance.

Finally, appellants contend that the opinion and order of the commission in their complaint case, No. 78-940-TP-CSS, is invalid because it fails to fulfill the requirements for commission orders contained in R. C. 4903.09.

R. C. 4903.09 states:

"In all contested cases heard by the public utilities commission, a complete record of all of the proceedings shall be made, including a transcript of all testimony and of all exhibits, and the commission shall file, with the records of such cases, findings of fact and written opinions setting forth the reasons prompting the decisions arrived at, based upon said findings of fact."

In the complaint case the commission adopted the findings it had made in its investigative case. These findings constituted a sufficient ground for the order issued in the complaint case.

Accordingly, the orders of the Public Utilities Commission are affirmed.

*Orders affirmed.*

CELEBREZZE, C. J., HERBERT, BELL, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

BELL, J., of the Ninth Appellate District, sitting for W. BROWN, J.