**KIGER, Appellant,**

v.

**ALBON, Mayor, et al., Appellees.**

[Cite as *Kiger v. Albon* (1991), 76 Ohio App.3d 301.]

Court of Appeals of Ohio,
Lucas County.

No. L–90–241.

Decided Nov. 15, 1991.

*Shad Hanna,* for appellant.

*Nick Batt,* for appellees.

---

*Per Curiam.*

This case is an appeal from a judgment of the Lucas County Court of Common Pleas affirming the decision of appellee Village Council of Holland to terminate appellant, Charles Kiger, from his position as fire chief.

The facts of this case are as follows. In February 1989, Kiger held the position of fire chief in the village of Holland for which he was paid $365 per year. In addition, Kiger held the position of fire equipment maintenance officer for which he was paid $100 per month. Appellee Max Albon was the mayor of the village of Holland. Appellee JoAnne Leonard was a member of the village council.

On February 21, 1989, Leonard, as acting mayor of the village of Holland, due to Albon's absence, sent the following memorandum to Kiger:

"TO: Charles Kiger

"FROM: JoAnne Leonard

"DATE: February 21, 1989

"SUBJECT: Termination, Demotion and Suspension

"You are hereby charged with misfeasance, malfeasance, nonfeasance, misconduct in offensive [*sic*] and gross neglect of duty on the following grounds:

"1.   You have failed, refused and neglected to carry out direct orders and been insubordinate in connection therewith.

"2.   You have failed, refused and neglected to maintain records, engage in programs and otherwise manage and direct the affairs of the department in a manner consistent with law and ordinances.

"3.   You have provided false, misleading and inaccurate data, reports and information to the Mayor and Council.

"You are suspended pending final hearing if requested.

/s/ JoAnne Leonard

JoAnne Leonard"

On February 23, 1989, Albon, sent the following memorandum to Kiger, that reads in pertinent part, as follows:

"TO:  Charles Kiger

"FROM:  Max Albon

"DATE:  February 23, 1989

"SUBJECT:  Termination

"The charges previously filed against you by JoAnne Leonard as Acting Mayor are hereby ratified and confirmed to the extent not amended by the following:

"You are hereby charged with misfeasance, malfeasance, nonfeasance, misconduct in office and gross neglect of duty, all in your official duties, on the following grounds:

"1.   You have failed, refused and neglected to carry out direct orders and been insubordinate in connection therewith.   In that you have

"A.   Refused to obey a direct order of the Village Council to fire Fireman Mulkey.

"B.   Continually made derogatory comments about Council Members.

"C.   Failed and refused to work with a consultant hire [*sic*] by Village Council to correct problems within the department and in fact attempted to get the consultant fired from his primary job.

"2.   You have failed, refused and neglected to maintain records, engage in programs and otherwise manage and direct the affairs of the department in a manner consistent with law and ordinances.   In that you have

"A. Failed to do a satisfactory background check of a prospective member (Corey Griess) and then recommend he be hired with the insufficient information.

"B. Failed to keep records of the department in any usable fashion to the detriment of the department and the Village.

"C. Failed to maintain and repair equipment even though you were paid $100.00 per month to do so.

"3. You have provided false, misleading and inaccurate data, reports and information to the Mayor and Council. In that you have

"A. Provided false information to Council regarding the refurbishing of the Fire Truck.

"B. Provided false and inaccurate information regarding the need for replacement air packs for the department.

"Based upon these charges, I hereby terminate you from office as Fire Chief and I request that Council confirm that action at its next regular meeting on March 9, 1989 pursuant to Holland Charter 3.09(C.) and ORC 73[3].35 et seq.   * * *

/s/ Max Albon
Max Albon, Mayor"

On March 13, 1989, Albon sent the following additional memorandum to Kiger:

"TO: Charles Kiger

"FROM: Max Albon
          Mayor

"DATE: March 13, 1989

"SUBJECT: Termination
             Supplemental

"In addition to the charges previously filed against you, I hereby charge as additional grounds that:

"1. You have failed, neglected and refused to maintain your EMT certification as required by departmental regulation;

"2. You have failed, neglected and refused to maintain the Village's squad licenses, including but not limited to its pharmacy and FCC licenses.

"3. You have failed, neglected and refused to adequately train the firefighters of the department.

/s/ Max Albon
Mayor"

Kiger requested a hearing on the charges and also requested that subpoenas be issued for Albon, Leonard and Nick Batt, attorney for the village of Holland. The village council refused to issue the subpoenas for Albon, Leonard and Batt. Kiger also requested that Leonard, who was to preside over the hearing as acting mayor, recuse herself from the proceedings on the grounds that she filed the initial charges against Kiger. The village council also refused this request.

On March 15, 1989, a hearing was held before the village council with Leonard presiding as acting mayor. Mayor Albon took no part in the proceedings. At the conclusion of the hearing, the village council voted five to one to "confirm the actions in regard to the dismissal of Chief Kiger." Leonard, as a member of the village council, voted in favor of Kiger's dismissal.

Subsequently, Kiger appealed the decision of the village council to the Lucas County Court of Common Pleas. Kiger requested that he be permitted to present additional evidence to the common pleas court; such request was denied. On June 20, 1990, the Lucas County Court of Common Pleas affirmed the decision of the village council.

It is from that judgment that Kiger raises the following six assignments of error:

"I. The Appellant was denied his Constitutional right of due process of law by the fact that the Trial Court refused to grant him a trial *de novo*.

"II. The Appellant was denied his Constitutional right of due process of law by the fact that not only was JoAnne Leonard his accuser, but she also presided over his hearing and voted on his termination.

"III. The Appellant was denied his Constitutional rights of due process of law and confrontation with his accusers by the fact that although duly and timely requested by the Appellant, the Village of Holland refused and failed to issue subpoenas for and allow JoAnne Leonard, Max Albon and Nick Batt to testify on behalf of the Appellant.

"IV. The Appellant was denied his Constitutional right of due process of law by the fact that he was not afforded fundamental fairness, an orderly proceeding or a meaningful process for him to be heard and to defend against the charges brought against him.

"V. The Appellant was denied his Constitutional right of due process of law by the fact that while he had only been terminated as Fire Chief by the Village Mayor, the Village Council also terminated the Appellant as a firefighter and as a fire equipment maintenance contractor.

"VI. The Village of Holland has committed error prejudicial to the Defendant in not making any specific Findings of Fact or Conclusions of Law, and in rendering its decision to terminate the Appellant which is arbitrary, capricious, unreasonable and unsupported by the preponderance of substantial, reliable, and probative evidence."

Kiger's second, third, fourth and fifth assignments of error will be addressed first in that these assignments address alleged errors made during the hearing before the village council. As his second assignment of error, Kiger argues the fact that Leonard presided over the hearing, as well as participated in the village council vote, even though she filed the original charges against him, was a violation of his constitutional rights to due process.

The issue of the propriety of Leonard's presiding over the hearing will be addressed first. In *Ohio State Bd. of Pharmacy v. Poppe* (1988), 48 Ohio App.3d 222, 229–230, 549 N.E.2d 541, 548, the court held that there must be evidence of bias or prejudice in the manner in which an administrative hearing is conducted in order to support a denial of due process. In the present case, there is no evidence that Leonard presided over the hearing in less then an acceptable fashion. A review of the transcript does not reveal, nor does Kiger argue, any instance of bias or prejudice as to the manner in which Leonard conducted the hearing.

However, the propriety of Leonard's participation in the vote by the village council to affirm Kiger's dismissal is a more difficult issue. There is no question that the hearing in the present case was of a quasi-judicial nature. In *Trans World Airlines, Inc. v. Civil Aeronautics Bd.* (C.A.D.C.1958), 254 F.2d 90, 91, the court held as follows:

"The fundamental requirements of fairness in the performance of [quasi-judicial] functions require at least that one who participates in a case on behalf of any party, whether actively or merely formally by being on pleadings or briefs, take no part in the decision of that case by an tribunal on which he may thereafter sit."

In *Forest Hills Utility Co. v. Pub. Util. Comm.* (1974), 39 Ohio St.2d 1, 4, 313 N.E.2d 801, 803, the Supreme Court of Ohio concurred in the reasoning of the court in the *Trans World Airlines* case. See, also, *Sorin v. Bd. of Edn.* (C.P.1974), 39 Ohio Misc. 108, 112, 68 O.O.2d 270, 272, 315 N.E.2d 848, 851.

In the present case, Kiger's dismissal was the result of a five-to-one vote by the village council. If Leonard's vote is disregarded, a four-to-one vote remains, sufficient to constitute the two-thirds majority vote required under R.C. 733.36. Therefore, this court must determine whether Leonard's partic-

ipation, even though her vote was not necessary for a majority, constitutes prejudicial error.

In neither of the two Ohio cases involving the issue of an impartial tribunal, *Forest Hills* and *Sorin,* was it necessary to address the issue of prejudicial error. In both of those cases, the biased administrative officers cast deciding votes. However, in *American Cyanamid Co. v. Federal Trade Comm.* (C.A.6, 1966), 363 F.2d 757, 767–768, the court held as follows:

"The result of the participation of Chairman Dixon in the decision of the Commission is not altered by the fact that his vote was not necessary for a majority. 'Litigants are entitled to an impartial tribunal whether it consists of one man or twenty and there is no way which we may know of whereby the influence of one upon the others can be quantitatively measured.' *Berkshire Employees Association of Berkshire Knitting Mills v. N.L.R.B.,* 121 F.2d 235, 239 (C.A.3, [1941] )."

In the present case, we find that Leonard by initiating the charges against Kiger in her position as acting mayor should not have participated in the deciding vote. Such action constitutes error. Further, we adopt the reasoning of the *American Cyanamid* case and find such participation to be a fundamental violation of due process and inherently prejudicial. Accordingly, Kiger's second assignment of error is found well taken.

As his third assignment of error, Kiger argues that the village council erred in refusing to issue subpoenas for, or to allow the testimony of, Leonard, Albon and Batt. Appellees argue that members of an administrative body cannot be called to testify under the authority of *Libis v. Bd. of Zoning Appeals.* (1972), 33 Ohio App.2d 94, 97, 62 O.O.2d 146, 148, 292 N.E.2d 642, 645.

We find that appellees' reliance on *Libis* is misplaced. *Libis* involved the issue of whether an administrative officer may be compelled to testify on appeal to the common pleas court *as to his or her reasons for making the administrative decision being appealed from.* The issue in the present case is whether during the hearing before the administrative agency an administrative officer may be called and examined in order to establish the facts of a party's defense to pending charges. The *Libis* decision is, therefore, inapplicable to the present case. Further, it should be noted that only Leonard was a member of the village council. Neither Albon nor Batt were members of the village council or participated in the decision making process.

R.C. 733.38 and 733.39 give a legislative authority the power to issue subpoenas and compel testimony. The village council's failure to do so in the present case constitutes error. *Poppe, supra,* 48 Ohio App.3d at 228, 549

N.E.2d at 547. We find that this error, coupled with the village council's refusal to permit Leonard, Albon or Batt to testify, was prejudicial. Accordingly, Kiger's third assignment of error is found well taken.

As his fourth assignment of error, Kiger argues that Leonard erred in refusing to allow a continuance of a hearing due to the lateness of the hour.

The record shows that Kiger began the presentation of his case in chief at 1:30 a.m., approximately six hours after the hearing began. However, there is no indication in the transcript that Kiger ever requested a continuance, at any time, due to the lateness of the hour. It is a fundamental rule "that an appellate court will not consider any error which could have been brought to the trial court's attention, and hence avoided or otherwise corrected." *Schade v. Carnegie Body Co.* (1982) 70 Ohio St.2d 207, 210, 24 O.O.3d 316, 317, 436 N.E.2d 1001, 1003. Therefore, Kiger may not complain on appeal that the hearing should have been continued. Accordingly, Kiger's fourth assignment of error is found not well taken.

As his fifth assignment of error, Kiger argues that the village council erred in dismissing him from his position as firefighter and as fire equipment maintenance officer in addition to his dismissal as fire chief. Kiger argues that he only received notice of, and that the only charges brought against him involved, his position as fire chief.

It is implicit, both in the statutory scheme to remove a municipal officer under R.C. 733.35 through 733.39 and in the constitutional requirements of due process, that a party be given notice of the position from which he or she is being dismissed. The February 21, 1989 notice to Kiger is entitled "Termination, Demotion and Suspension." Such language suggests termination as to Kiger's position as fire chief and demotion from fire chief to firefighter. The February 23, 1989 notice to Kiger, which ratified and confirmed the February 21, 1989 notice, stated only that Kiger was to be terminated from his office as fire chief.

Kiger was never given notice that his position as firefighter or equipment maintenance officer was in jeopardy. Therefore, the village council was limited to terminating Kiger from his position as fire chief. Accordingly, Kiger's fifth assignment of error is found well taken.

Kiger's first and sixth assignments of error involve the actions of the common pleas court in hearing the appeal from the village council's decision, and will now be addressed. As his first assignment of error, Kiger argues that the common pleas court erred in denying his request to present additional evidence as allowed in certain circumstances under R.C. 2506.03. Specifically, Kiger argues that because the village council refused to issue subpoenas,

refused to permit witnesses to testify, and failed to render conclusions and facts, he was entitled to present additional evidence to the common pleas court.

R.C. 2506.03 provides, in pertinent part, as follows:

"(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

"* * * *

"(2) The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the final order, adjudication, or decision appealed from, and to do any of the following:

"* * * *

"(b) Offer and examine witnesses and present evidence in support;

"* * * *

"(d) Offer evidence to refute evidence and testimony offered in opposition to his position, arguments, and contentions;

"* * * *

"(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from or the refusal, after request, of such officer or body to afford the appellant opportunity to use the power or subpoena when possessed by the officer or body;

"(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from."

In the present case, as was discussed under the third assignment of error, the village council improperly refused to issue subpoenas and allow Kiger to call several witnesses. Further, we do not find that the village council's vote "to affirm the action in regard to the dismissal of Chief Kiger" constitutes "conclusions of fact supporting the final order" as required under R.C. 2506.03. Therefore, we find that it was error to deny Kiger's request to present additional evidence on appeal to the common pleas court. Accordingly, Kiger's first assignment of error is found well taken.

As his sixth assignment of error, Kiger argues that the decision of the common pleas court was arbitrary, capricious, unreasonable and unsupported by the preponderance of substantial, reliable and probative evidence. In light of this court's disposition of the first, second, third and fifth assignments of error, we find it unnecessary to reach the merits of Kiger's sixth assignment of error and, therefore, find it not well taken.

For these reasons, the judgment appealed from is reversed; the decision of the Council of the village of Holland is vacated; and the cause remanded to that body for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

GLASSER and MELVIN L. RESNICK, JJ., concur.

SHERCK, J., concurs in part and dissents in part.

SHERCK, Judge, concurring in part and dissenting in part.

I concur with the majority's handling of appellant's first, third, fourth, fifth and sixth assignments of error. However, I must respectfully dissent from the decision of the majority as it relates to appellant's second assignment of error.

The majority correctly holds that JoAnne Leonard should not have participated in the vote against appellant as Leonard was appellant's accuser. However, I do not agree that her action was inherently prejudicial as the majority maintains. Without Leonard's vote, the required two-thirds majority still existed.

The majority in citing to *Berkshire Employees Assn. of Berkshire Knitting Mills v. N.L.R.B.* (C.A.3, 1941), 121 F.2d 235, 239, maintains that Leonard's vote may have influenced other village council members' votes. The effect of this reasoning is to make an unspoken assertion that the council members of the village of Holland are incapable of holding to their oaths of office in the matter before them. Also, since Leonard brought the charges against appellant, it can hardly be considered a surprise that she would vote for removal. Thus, while I agree with the majority that it was error for Leonard to cast a vote in the proceedings, I find it harmless error as the vote did not change the outcome of the proceedings.