[Cite as *Steck's Buckeye Storage Unit, L.L.C. v. Catawaba Island Twp. Bd. of Trustees*, 2018-Ohio-886.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Steck's Buckeye Storage Unit, LLC,
d/b/a The Nor'Easter Club

       Appellant

v.

Catawba Island Township Board
of Trustees, et al.

       Appellees

Court of Appeals No. OT-17-014

Trial Court No. 2016-CV-F 082

**DECISION AND JUDGMENT**

Decided:  March 9, 2018

* * * * *

Katherine S. Decker, for appellant.

James Vaneerten, Ottawa County Prosecuting Attorney, and
Daivia S. Kasper, Assistant Prosecuting Attorney, for appellees.

* * * * *

**SINGER, J.**

{¶ 1} This case is before the court on the administrative appeal of appellant,

Steck's Buckeye Storage Unit, LLC, d.b.a. Nor'easter Club, from the March 13, 2017

judgment of the Ottawa County Court of Common Pleas affirming the decision of appellee, Catawba Island Township Board of Trustees ("the Board"). Also before the court is the unopposed motion of the Board to supplement the record, pursuant to App.R. 9(E), with an excerpt from the Catawba Island Township Zoning Resolution ("Resolution"). For the reasons that follow, we deny the motion to supplement and we reverse the judgment of the common pleas court.

## Assignment of Error

{¶ 2} Appellant sets forth the following assignment of error:

The trial court abused its discretion and erred as a matter of law when it affirmed the decision of the Catawba Island Township Board of Trustees to deny Steck's Buckeye Storage Unit, LLC d/b/a The Nor'Easter Club's request for a minor deviation to its Planned Unit Development.

## Background Facts and Procedural History

{¶ 3} The Nor'easter Club ("the Club") is a private club and marina in Catawba Island Township, Ohio, and is currently owned by appellant. Harbor Island Development ("HID") previously owned the Club and its property. In 2008, HID sought to rezone the Club property, and filed a request for a Planned Unit Development ("PUD").[1] The PUD included the Club, an allowance for additional condominium units and a reduced number

---

[1] The Ohio Revised Code defines a PUD as a "development which is planned to integrate residential, commercial, industrial, or any other use." R.C. 519.021.

2.

of boat docks.  The zoning commission recommended approval of the PUD to the Board; the Board approved the PUD.

{¶ 4} In 2010, appellant purchased the Club and its property from HID.  In 2015, appellant desired to add floating docks with a platform to the Club property.  In order to effectuate this change, appellant was required to obtain a zoning permit from the zoning inspector of Catawba Island Township.  However, since the Club property was a PUD, it was necessary for appellant to first submit a request for a minor deviation to the PUD to the Board.  On April 28, 2015, appellant filed its request with the Board.  The request was presented and considered at the Board's May 12, 2015 meeting.  The Board voted to deny the request.  Appellant did not appeal the Board's decision.

{¶ 5} On January 19, 2016, appellant filed a second request for a minor deviation to the PUD with the Board.  The second request was essentially the same as the first request, albeit with the addition of information which benefitted appellant's position.  A public hearing was held on appellant's second minor deviation request at the Board's February 24, 2016 meeting.  Testimony was presented for and against the request.  At the end of the hearing, the Board voted to deny the second request.  Appellant appealed to the common pleas court, and appellant and the Board each filed briefs.

{¶ 6} In its June 27, 2016 brief filed with the common pleas court, appellant argued its due process rights were violated because the Board engaged in extrajudicial exploration of evidence and the Board did not disclose this evidence until after the public comment portion of the hearing was closed.  Thus, appellant asserted it did not have the

3.

opportunity to confront and cross-examine all of the individuals and materials reviewed by the Board. Appellant requested that the common pleas court hold a hearing.

{¶ 7} On March 13, 2017, the common pleas court resolved the appeal based on the parties' briefs; no hearing was held. In its judgment, the court noted the Resolution provides that the term "minor deviation" is used to denote a proposed change to a PUD, and appellant sought a minor deviation of the PUD to add floating docks. The court observed the docks would be placed perpendicular to appellant's seawall and would protrude approximately 30 feet into the channel, which is near the underpass for boats. The court noted "further evidence heard by the Trustees included safety and congestion concerns from local area boaters and marina operators." The court found, based on this evidence, coupled with the Board's consideration of the burden required to overcome the PUD, "it is reasonable that the Trustees unanimously denied the minor deviation." Appellant appealed to this court. Thereafter, the Board filed its motion to supplement the record.

## Motion to Supplement

{¶ 8} The Board seeks to supplement the record, pursuant to App.R. 9(E), with a passage from the Resolution, claiming the passage is relevant to the determination of the issues.

{¶ 9} App.R. 9(E) provides, in pertinent part:

> If anything material to either party is omitted from the record by error or accident or is misstated, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the

4.

court of appeals, on proper suggestion or of its own initiative, may direct

that omission or misstatement be corrected, and if necessary that a

supplemental record be certified, filed, and transmitted.

{¶ 10} Moreover, "it is well-settled that parties to an appeal cannot supplement the appellate record with something that was not before the trial court even if agreed upon by both parties." *Odak v. Odak*, 6th Dist. Huron No. H-98-025, 1999 Ohio App. LEXIS 1011 (Mar. 19, 1999), fn. 1, citing *State v. Robinson*, 53 Ohio St.2d 211, 213-214, 373 N.E.2d 1257 (1978). *See also In re W.E.*, 6th Dist. Lucas No. L-11-1076, 2011-Ohio-4693, ¶ 4-5.

{¶ 11} Here, the Board desires to add material to the appellate record which was not a part of the record before the common pleas court. There is no indication or representation that the material was omitted from the record by error or accident. As such, we find the Board's motion to supplement the record is not-well taken and denied.

## Assignment of Error

{¶ 12} Appellant contends the common pleas court abused its discretion in affirming the Board's decision to deny the request for a minor deviation to the PUD since the Board's decision was based on speculation and conclusory, unsubstantiated opinions. Appellant observes all of the testimony offered at the hearing before the Board was unsworn. Appellant also argues its due process rights were violated when it was not able to refute the information obtained from the Board's extra-judicial investigations which was presented at the February 24, 2016 hearing, after the public input portion of the

5.

hearing had concluded. Appellant submits the common pleas court implicitly concluded the Board's decision was constitutional when the court affirmed the Board's decision, but this conclusion is unreasonable.

## Administrative Proceedings

### Common Pleas Court

{¶ 13} R.C. Chapter 2506 governs an appeal to a common pleas court from the decision made by a board of a political subdivision. *See* R.C. 2506.01. The board must prepare and file with the court "a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final * * * decision." R.C. 2506.02. In hearing the appeal, the court is confined to the transcript "unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

(1) The transcript does not contain a report of all evidence admitted or proffered by the appellant.

(2) The appellant was not permitted to appear and be heard in person, or by the appellant's attorney, in opposition to the final order, adjudication, or decision, and to do any of the following:

(a) Present the appellant's position, arguments, and contentions;

(b) Offer and examine witnesses and present evidence in support;

(c) Cross-examine witnesses purporting to refute the appellant's position, arguments, and contentions;

6.

(d)  Offer evidence to refute evidence and testimony offered in opposition to the appellant's position, arguments, and contentions;

(e)  Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.

(3)  The testimony adduced was not given under oath.

* * *

(5)  The officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision.  R.C. 2506.03(A).

{¶ 14} In addition, R.C. 2506.03(B) provides "[i]f any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and additional evidence as may be introduced by any party."

{¶ 15} The court may find a board's decision "is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."  In accordance with its findings, the court may "affirm, reverse, vacate, or modify the * * * decision, or remand the cause * * *."  R.C. 2506.04.  The court's judgment may be appealed to the court of appeals "on questions of law."  *Id.*

## Court of Appeals

{¶ 16} In an administrative appeal under R.C. 2506.04, "[w]ithin the ambit of 'questions of law' for appellate court review would be abuse of discretion by the common pleas court."  *Kisil v. Sandusky*, 12 Ohio St.3d 30, 465 N.E.2d 848 (1984), fn. 4.  *See also*

7.

*Henley v. City of Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 148, 735 N.E.2d 433 (2000). An abuse of discretion is more than an error of law or judgment, it implies the trial court's action was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### Due Process

{¶ 17} The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property without due process of law." Article I, Section 16 of the Ohio Constitution states "[a]ll courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay." Due process requires that a person receive notice of a hearing, and be given a meaningful opportunity to be heard. *Goldberg v. Kelly*, 397 U.S. 254, 267-268, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). *See also Westgate Shopping Village v. City of Toledo*, 93 Ohio App.3d 507, 522, 639 N.E.2d 126 (6th Dist.1994).

{¶ 18} In addition, "[a] fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955). This due process requirement applies to adjudications before administrative agencies. *Withrow v. Larkin*, 421 U.S. 35, 46-47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975). *See also State ex rel. Finley v. Dusty Drilling Co.*, 2 Ohio App.3d 323, 324, 441 N.E.2d 1128 (10th Dist.1981).

{¶ 19} "An administrative hearing * * * must be attended, not only with every element of fairness but with the very appearance of complete fairness. Only thus can the

8.

tribunal conducting a quasi-adjudicatory proceeding meet the basic requirement of due process." *Am. Cyanamid Co. v. FTC*, 363 F.2d 757, 767 (6th Cir.1966). *See also Kiger v. Albon*, 76 Ohio App.3d 301, 307, 601 N.E.2d 603 (6th Dist.1991).

**Analysis**

{¶ 20} Here, the record shows appellant raised the issue that its due process rights were violated in both its brief filed with the common pleas court as well as its brief filed with this court. In those briefs, appellant argued the Board engaged in extra-judicial exploration of evidence and did not disclose the evidence until after the public input portion of the proceeding was closed, thus appellant did not have the opportunity to confront and cross-examine all of the individuals and materials reviewed by the Board.

{¶ 21} A review of the written transcript of the public hearing held on February 24, 2016, as well as the audio recording of the hearing, reveals the following. Three members of the Board were present at the hearing. Several individuals spoke during the course of the hearing, including appellant's owner. Following the closure of the public input portion of the hearing, the Board members discussed the issue amongst themselves. One Board member volunteered that he had spoken with a representative of one of the agencies with which appellant's owner had dealt, and also received information from the agency. Another Board member shared that he had spoken with "a lot of folks" anonymously who "don't want to come out and object to this * * * unfortunately, I can't use those as a leverage." Despite attempts by one or more unidentified speakers to ask questions and comment during this portion of the hearing, the Board allowed no questions from those in attendance regarding the information obtained and presented by

9.

the Board members. The Board then voted unanimously to deny the minor deviation request due to safety issues. The common pleas court, relying on the transcript filed by the Board, affirmed.

{¶ 22} Pursuant to R.C. 2506.03(A), the common pleas court, in hearing an administrative appeal, is confined to the transcript "unless it appears, on the face of that transcript * * * that * * * appellant was not permitted to * * * be heard in person * * * in opposition to the final * * * decision, and * * * [o]ffer evidence to refute evidence and testimony offered in opposition to the appellant's position, arguments, and contentions." In that instance, "the court shall hear the appeal upon the transcript and additional evidence as may be introduced by any party." R.C. 2506.03(B).

{¶ 23} Here, the transcript of the February 24, 2016 hearing shows, on its face, that appellant was not able to offer evidence to refute information presented by the Board members in opposition to appellant's position. As such, the court was required to hear the appeal on the transcript and additional evidence. Although appellant requested, in its brief, that the common pleas court hold a hearing, no hearing was held. Moreover, in its March 13, 2017 judgment, the court did not mention appellant's request for a hearing nor did the court address appellant's due process violation claim.

{¶ 24} We conclude the common pleas court erred by rendering its judgment based only on the transcript, without hearing additional evidence, as required by R.C. 2506.03(B). We further conclude the common pleas court abused its discretion in finding the Board's decision was reasonable since appellant did not receive due process at the

hearing before the Board, as appellant was not given a meaningful opportunity to be heard and defend its position. Accordingly, appellant's assignment of error is well-taken.

{¶ 25} The judgment of the Ottawa County Court of Common Pleas is reversed and the case is remanded to that court with instructions to remand the case to the Board for a new hearing which affords appellant its due process rights, and for any other proceedings that are in accordance with the law and are consistent with this decision. The Board is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                     _____

JUDGE

Arlene Singer, J.                           _____

JUDGE

Thomas J. Osowik, J.                   
CONCUR.

_____

JUDGE