The State of Ohio, Appellant, *v.* Robinson, Appellee.

[Cite as State v. Robinson (1978), 53 Ohio St. 2d 211.]

(No. 77-490—Decided March 22, 1978.)

212

Mr. Simon L. Leis, Jr., prosecuting attorney, Mr. Leonard Kirschner and Mr. Thomas P. Longano, for appellant.

Mr. Martin P. McConnell, for appellee.

Per Curiam. If in fact the affidavit for search warrant and the search warrant were before the trial court when that court overruled defendant-appellee's motion to suppress the evidence, the Court of Appeals was correct in reversing the defendant's

conviction on authority of *State* v. *Gill, supra*. That case is directly in point and controlling. The state does not deny that the warrant was used to search the apartment occupied by the defendant and to seize the heroin which was the basis of the charge against both Gill and the defendant.

The controlling issue in this cause is whether the affidavit for search warrant and the search warrant which the Court of Appeals admitted into the record were before the trial court for its consideration when that court overruled the defendant's motion to suppress the evidence.

The Court of Appeals did not find that those documents were before the trial court. There is no record of the proceedings before the trial court on the motion to suppress. There was no hearing before the Court of Appeals to determine that the search warrant, which the Court of Appeals admitted as part of the record, was the actual search warrant which was used in the suppression hearing, or whether any warrant at all was used in that hearing.

The defendant argues that the affidavit and warrant in the *Gill* case file were the same affidavit and warrant that were the basis for the search of the apartment occupied by the defendant, the seizure of the heroin and defendant's arrest. The state does not deny this contention. There is no testimony and no other evidence in the record that that affidavit and warrant were before the trial court at the time of the hearing on the motion to suppress. In fact, there is no testimony or evidence that any affidavit or warrant was before the trial court at that hearing except for the discussion at the defendant's hearing where he entered his plea of no contest when, in answer to a question as to whether he would have a right of appeal, the court said: "Certainly. I was about to tell you that in addition, you have the right to appeal any decision by this court, and if you do not have funds with which to hire a lawyer to perfect any appeal you wish to make, the court will appoint counsel to represent you."

Mr. Pratt, defendant's counsel, then asked: "That in-

214

cludes the motion to suppress [?]" The court replied: "By entering a plea of no contest, you do not waive your right to appeal from any ruling that the court made as far as suppressing the evidence is concerned, too."

The defendant inquired: "You say 'too'?" The defense lawyer said: "He means 'also.'"

The court then stated: "You have a right to appeal from that ruling. I believe that involved the search warrant."

Other than those statements, the argument that the affidavit and search warrant were before the trial court during the hearing on the motion to suppress evidence is speculative.

The judgment of the Court of Appeals is, therefore, reversed. *State* v. *Render* (1975), 43 Ohio St. 2d 17, 330 N. E. 2d 690. The cause is remanded to the Court of Appeals for a determination by that court, pursuant to App. R. 9 (E), as to whether the affidavit for search warrant and the search warrant which were found in the *Gill* case file and admitted by the Court of Appeals into the record in the instant cause were, in fact, before the trial court at the hearing on the motion to suppress evidence.

*Judgment reversed and cause remanded.*

O'NEILL, C. J., CELEBREZZE, W. BROWN and SWEENEY, JJ., concur.

HERBERT, P. BROWN and LOCHER, JJ., concur in the judgment.