MADUNICKY, Appellant,

v.

OHIO DEPARTMENT OF TRANSPORTATION, Appellee.

[Cite as *Madunicky v. Ohio Dept. of Transp.* (1996), 109 Ohio App.3d 418.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95API08–975.

Decided Feb. 15, 1996.

*Levey & Gruhin* and *Neil E. Roberts,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Teri Jo Finfrock,* Assistant Attorney General, for appellee.

LAZARUS, Judge.

Appellant, Susan Madunicky, was a passenger on a motorcycle which was involved in a collision with another vehicle at the intersection of U.S. Route 6 and State Route 528 on August 10, 1992. Prior to the day of the collision, a flashing yellow light had been displayed for U.S. Route 6 traffic, and stop signs and a

flashing red light had been displayed for State Route 528 traffic. Shortly after noon on August 10, 1992, and approximately forty minutes before the collision, the Route 6 traffic signal was altered to a green/yellow/red sequence. The driver of the motorcycle failed to yield to a red stop light while travelling eastbound on U.S. Route 6 and was struck by a vehicle travelling northbound on State Route 528.

Appellant filed a complaint in the Ohio Court of Claims against appellee, Ohio Department of Transportation ("ODOT"), alleging that ODOT negligently failed to adequately warn of the activation of a different traffic signal at a highly travelled intersection.

The trial was bifurcated as to the issues of liability and damages. A trial was held on the issue of liability. At the conclusion of appellant's case, ODOT moved to dismiss pursuant to Civ.R. 41(B)(2) on the ground that, upon the facts and the law, appellant had shown no right to relief. This motion was granted by the court, which found that appellant had failed to prove any right to relief by a preponderance of the evidence. The Court of Claims also found that ODOT did not violate any provision of the Ohio Manual of Uniform Traffic Control Devices, or any other municipal vehicular traffic standards or nationally recognized vehicle standards, and, therefore, did not breach its duty of care.

Appellant timely appealed this judgment and raises the following assignment of error:

"The trial court erred in granting defendant's Civil Rule 41(B)(2) Motion to Dismiss."

Appellant contends that the Court of Claims erred in finding that ODOT did not breach a duty to adequately warn of the activation of a traffic signal change at an intersection.

■ In order for appellant to prevail under a theory of negligence, she must demonstrate to the trial court by a preponderance of the evidence that appellee owed her a duty of care, that appellee breached that duty, and that appellant suffered damages as a proximate result thereof. See *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285, 21 O.O.3d 177, 179, 423 N.E.2d 467, 469.

■ Appellee has a statutory duty to maintain Ohio's roadways in a reasonably safe condition. See R.C. 5501.01 and 5501.11; *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St.3d 39, 42, 564 N.E.2d 462, 465; *Knickel v. Ohio Dept. of Transp.* (1976), 49 Ohio App.2d 335, 339, 3 O.O.3d 413, 415, 361 N.E.2d 486, 489. However, the scope of ODOT's duty to ensure the safety of state highways is more particularly defined by the Ohio Manual of Uniform Traffic Control Devices ("manual"), which mandates certain minimum safety measures. *Lesko-*

*vac v. Ohio Dept. of Transp.* (1990), 71 Ohio App.3d 22, 27, 593 N.E.2d 9, 12. Furthermore, R.C. 4511.10 and 4511.11(D) specifically require that traffic control devices placed on Ohio's roadways conform with the manual's specifications.

This court considered the weight to be accorded the manual specifications in evaluating ODOT's duty to maintain safe highways in *Perkins v. Ohio Dept. of Transp.* (1989), 65 Ohio App.3d 487, 584 N.E.2d 794, wherein we determined that not all portions of the manual are mandatory, thereby leaving some areas within the discretion and engineering judgment of ODOT. That conclusion echoed Section 1C of the manual, which states:

"The decision to use a particular device at a particular location should be made on the basis of an engineering study of the location. Thus, while this Manual provides standards for design and application of traffic control devices, the Manual is not a substitute for engineering judgment. Except for sections of this Manual that mandate the installation of a traffic control device, it is the intent that the provisions of this Manual be standards for traffic control device installation, but not a requirement for installation. Qualified engineers are needed to exercise the engineering judgment inherent in a selection of traffic control devices, just as they are needed to locate and design the roads and streets which the devices complement."

In *Perkins,* we found that a deviation from the mandatory standards of the manual renders ODOT negligent *per se* and liable in damages if proximate causation is established. However, we expressly declined to impose as a matter of law a mandatory duty on ODOT where such duty was not detailed in the manual, stating that we would not deprive ODOT "of those areas of discretion permitted within the realm of exercising engineering judgment." *Perkins,* 65 Ohio App.3d at 494, 584 N.E.2d at 798.

When the duty, or standard of care, is not detailed in the manual, "the proper standard should be that of a reasonable engineer using accepted practices at the time." *Lunar v. Ohio Dept. of Transp.* (1989), 61 Ohio App.3d 143, 147, 572 N.E.2d 208, 210.

In this case, the Court of Claims found that ODOT did not violate any mandatory provision of the manual and did not otherwise breach its duty of care. In fact, the testimony of appellant's expert witness was that there were no standards in the manual, mandatory or discretionary, that established a required protocol for activation of a traffic device. Moreover, appellant's expert testified that he was unable to find any required protocol in the International Municipal Signal Association's Traffic Signal Manual or any other recognized manual addressed to motor vehicles. He was unable to cite any authority in the field of vehicular traffic which might have constituted "accepted practice."

Appellant's expert also testified to ODOT's efforts to alert the public to the new traffic signal. He testified that his investigation of the accident confirmed that, after the former one-head flasher signal had been exchanged for the new three-headed device, "there was some period of time, perhaps weeks prior to the activation of the signal in its green/yellow/red phase where it was on continuous yellow flash." He also testified that there were dual yellow, diamond-shaped signs that showed a pictogram of a traffic signal showing the red/yellow/green lights in advance of the intersection in the direction the motorcycle was travelling. He was unable to testify to how long before the date of the accident these pictograms had been installed. The expert witness indicated further that there were white stop bars at the intersection, as well as two sets of red/yellow/green signal devices for each of the directions faced.

Although the expert testified that, in his opinion, there were additional actions that appellee could have taken to further alert the travelling public of the imminent change in the traffic signal, and the Coast Guard had such requirements to alert mariners of a change in a navigation aide such as a buoy, the trial court was not required to adopt these unrelated standards as ODOT's standard of care.

■ When a judgment of the trial court is supported by some competent, credible evidence going to all the essential elements of the case, it will not be disturbed by a reviewing court. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. In light of the testimony presented by appellant's own expert, we cannot say that the judgment of the trial court is against the manifest weight of the evidence. Appellant's assignment of error is not well taken.

For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Ohio Court of Claims is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and PEGGY L. BRYANT, JJ., concur.