[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal, submitted on the accelerated calendar, is being considered pursuant to Appellate Rule 11.1(E) and Local Rule 12 and shall not be considered controlling authority except as provided in 2(G)(1) of the Supreme Court Rules for Reporting of Opinions. Pursuant to Local Rule 12(5), we elect to render decision by written opinion.
Beverly Hahn ("Appellant") appeals from a judgment of the Napoleon Municipal Court granting the motion to dismiss of Gerald Wentworth ("Appellee"). For the following reasons, we affirm the trial court's judgment.
Appellant filed a complaint alleging Appellee was negligent in repairing her vehicle. At a bench trial, Appellant testified to the following set of facts. Appellant took her diesel Chevrolet Chevette to the Appellee's repair shop for repair after the car would not start. The Appellee told the Appellant that the timing belt was out and that it would cost $150 to fix it. After having the vehicle for six days, Appellee stated that he did not want to take the motor apart as he had run into more problems. The following day, Appellant went to retrieve her vehicle and found her car located halfway in Appellee's garage. In addition, the radiator was out of the car and behind some barrels. The timing belt was on the car. Appellant agreed to take the car at the charge of $71.20. The $71.20 was for labor and the timing belt that was on the car.
Appellant claimed that damage was done to her car by the Appellee. After she retrieved her car from the Appellee, there were marks on the inside of the pulley chain that told her Appellee had tried to time the engine like a gasoline engine instead of a diesel engine. By his actions, Appellee also bent the rocker arm. Appellant claimed to have knowledge of the timing belt on her diesel vehicle from reading a reference book.
Appellant eventually had the car towed to another repair shop at a cost of approximately $100 to $150. Appellant had to rent a vehicle from her ex-husband at a cost of $700 to $800 because she was without a vehicle for two months.
After Appellant alone testified, the Appellant rested and the Appellee moved to dismiss. The trial court granted the motion to dismiss and the Appellant now asserts the following assignment of error.
 The trial court committed prejudicial error in granting defendant-appellee's motion to dismiss made after plaintiff-appellant had completed presentation of her evidence at trial as it ignored plaintiff's testimony and opinion testimony and did not rule on appellant's motion to admit four exhibits resulting in a dismissal that was against the manifest weight of the evidence.
Under Appellant's sole assignment of error, she presents three issues. First, Appellant contends that the trial court failed to consider her testimony as to damages and as to the cause of her automobile engine problems. Second, Appellant claims the trial court committed prejudicial error in not ruling on Appellant's motion to admit four exhibits prior to granting Appellee's motion to dismiss. And third, Appellant contends that the trial court's dismissal of her case is against the manifest weight of the evidence.
 Civ.R. 41(B)(2) allows the defendant in a bench trial to move for a dismissal on the ground that the plaintiff has not shown a right to relief. When a defendant moves for a dismissal pursuant to Civ.R. 41(B)(2), the trial court is the trier of fact and is to weigh the evidence. Johnson v. Tansky Sawmill Toyota (1994), 95 Ohio App.3d 164, 167. Therefore, we will not set aside a dismissal pursuant to Civ.R. 41(B)(2) unless it is incorrect as a matter of law or is against the manifest weight of the evidence. Id.; Bank One v. Doughman (1988), 59 Ohio App.3d 60.
 Klinger v. Premier Properties (Nov. 17, 1997), Logan App. No. 8-97-10, unreported.
In reviewing a weight-of-evidence claim, a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. We defer to the findings of the trial court since it is in the best position to observe the witnesses and weigh their credibility. Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77,80. Further, a difference of opinion on the credibility of witnesses and the evidence is not grounds for reversal. Id.
"In order for [an] appellant to prevail under a theory of negligence, she must demonstrate to the trial court by a preponderance of the evidence that [the] appellee owed her a duty of care, that [the] appellee breached that duty, and that [the] appellant suffered damages as a proximate result thereof."Madunicky v. Ohio Dept. of Transp. (1996), 109 Ohio App.3d 418,420, citing Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 285.
In this case, the trial court, as the trier of fact, determined that the Appellant failed to establish the elements of causation and damages. Specifically, the trial court stated that there was no evidence presented which demonstrated that an act by the Appellee caused damage to the Appellant's vehicle.
We have previously overruled Appellant's motion for modification of the record to allow the exhibits to be part of the trial court record. As such, the exhibits are not properly before us and we may not consider the exhibits. See State v. Ishmail
(1978), 54 Ohio St.2d 402; State v. Robinson (1978),53 Ohio St.2d 211.
From the record properly before us, we find that the decision of the trial court was in accordance with the law and supported by the evidence. Appellant testified that her car needed repair when she took it to the Appellee's shop. Appellee apparently did some work on the vehicle, but did not fix the car. Appellant then retrieved the vehicle from the Appellee. Appellant testified at trial that the damage done to her engine could have only been accomplished by mistiming the timing belt. Appellant testified that the engine was timed as a gasoline engine rather than a diesel engine. Appellant claimed to have knowledge of the diesel car by reading a reference manual.
After a thorough review of the record, we cannot find that the trial court erred in determining that the Appellant failed to show by a preponderance of the evidence that the damage to the vehicle was caused by the Appellee. Thus, the trial court did not err when it dismissed Appellant's claim pursuant to Civ.R. 41(B)(2). Accordingly, Appellant's sole assignment of error is overruled.
For the reasons stated it is the order of this Court that the judgment of the Napoleon Municipal Court be, and hereby is, affirmed at the costs of Appellant for which judgment is rendered, and that the cause be, and hereby is, remanded to the trial court for the execution of the judgment for costs.
It is further ordered that the Clerk of this Court certify a copy of this judgment to that court as the mandate prescribed by Appellate Rule 27 or by any other provision of law, and also furnish a copy of this journal entry directly to the trial judge.
Judgment affirmed.
EVANS, J., concurs
SHAW, P.J., dissents.