OPINION AND JUDGMENT ENTRY
On March 12, 1997, police, acting on an anonymous tip, raided a North Toledo motel room. There, they found appellant, Santos Adames, and two other individuals. They also found black tar heroin in a quantity that exceeded fifty grams but was less than two hundred fifty grams.
All three men were charged with heroin possession in violation of R.C. 2525.11(A) and (C)(6)(e), a first degree felony carrying a mandatory prison term. In the Lucas County Court of Common Pleas, all pled not guilty and moved to suppress the heroin found in their motel room during a warrantless search.
Eventually, appellant withdrew his suppression motion and pled no contest to heroin possession of more the five but less than ten grams, a third degree felony containing a rebuttable presumption of imprisonment. R.C. 2925.11(C)(6)(c). Following a plea colloquy, the trial court accepted appellant's plea, found him guilty of the amended charge and sentenced him to a four year term of imprisonment.
Appellant now appeals his conviction, arguing that he was denied the effective assistance of counsel.
Pursuant of Sixth Dist. Loc. App. R. 12(C), we sua sponte
transfer this matter to our accelerated docket and, hereby, render our decision.
Appellant maintains that he only accepted the plea bargain because his counsel informed him that if he were convicted of the original charge he would receive a mandatory ten year prison term. Additionally, appellant suggests that he would have been acquitted of this charge because of the likely suppression of evidence from the warrantless search.
The state responds by pointing out that appellant's prospects for successfully suppressing the evidence were slim as the court had already denied the suppression motions of appellant's two co-defendants by the time he had entered his plea. Moreover, the state correctly points out that any statements made to appellant by counsel prior to the plea were outside the record and, therefore, not subject to review on direct appeal.
An appellant who seeks to have his conviction overturned on appeal on the ground of ineffective assistance of counsel must demonstrate that 1) his counsel's performance was deficient by an objective standard of reasonableness and 2) but for this deficiency the adjudicatory result of the proceeding would have been different. Strickland v. Washington (1984), 466 U.S. 668,687; accord, State v. Smith (1985), 17 Ohio St.3d 98, 100.
During the Crim.R. 11 plea colloquy, the trial court alluded to the results of the suppression motion of appellant's co-defendants, but did not clearly state the result. Therefore, those proceeding are de hors this record and cannot be considered.State v. Robinson (1979), 53 Ohio St.2d 211, 213. In this case, the record simply reveals that appellant was indicted for a first degree felony carrying a mandatory prison sentence. He successfully obtained a plea bargain wherein he pled to a third degree felony for which there was no mandatory sentence. On these facts alone, we cannot conclude that appellant's trial counsel provided him deficient representation.
Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 James R. Sherck, J.
 Mark L. Pietrykowski, J.
CONCUR.