[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
A complaint in interpleader was filed by Giage, Inc. under the number A-0001697 in the Hamilton County Court of Common Pleas. Named as defendants were Jerry Apodaca, Jr., Esther R. Lerner, and Jeff Apodaca. The complaint alleged that Jerry Apodaca, Jr. was the record owner of 21,700 shares of Giage, Inc., Series B preferred stock. Esther R. Lerner was a judgment creditor of Jerry Apodaca, Jr., pursuant to an order entered in the case numbered M-991113. Jerry Apodoca, Jr. asserted that while the stock was registered in his name, it was, in fact, owned by his brother Jeff Apodaca. The trial court granted Lerner's motion to consolidate the two cases. Defendant-appellant Jeff Apodaca appeals the October 13, 2000, judgment overruling his Civ.R. 60(B) motion to set aside the default judgment against him in the case numbered A-0001697. The October 13, 2000, judgment entry, also ordered Giage, Inc., to cancel the original stock certificate in the possession of Jerry Apodaca, Jr., for the 21,700 shares and deliver to counsel for Esther R. Lerner a replacement stock certificate in her name. The record shows that prior to the filing of the Civ.R. 60(B) motion, there was no earlier responsive pleading by Jeff Apodaca. He claims that he had no notice of any pending action against him prior to receiving a complaint and summons one day before he received a copy of Lerner's motion for default judgment. He claims that he owned the 21,700 shares of preferred stock, registered in the name of Jerry Apodaca, Jr., that the trial court ordered Giage, Inc. to reregister in Lerner's name.
Jeff Apodaca raises two assignments of error: (1) that the trial court erred in overruling his motion to set aside the default judgment against him, and (2) that the trial court erred in failing to conduct an evidentiary hearing on the defense asserted by him in his motion to set aside the default judgment. This court has overruled, pursuant to App.R.9(E), Lerner's motion to supplement the appellate record. No record for the consolidated case numbered M-991113 has been transmitted to this court.
The burden is on the appellant to demonstrate the assigned errors, and because the record here fails to reflect any error, we must overrule the Apodaca's two assignments.[1] App.R. 9, 10(A), and 16(A)(3) impose a duty on each appellant to provide a complete record for review prior to the submission of a case for decision. When portions of the record necessary for resolution of assigned errors are omitted, this court has no choice but to presume the validity of the lower court's proceedings and affirm.[2] Exhibits attached to or new facts included in an appellate brief are not properly a part of the record on appeal.[3]
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See State v. Rogers (Dec. 29, 2000), Hamilton App. No. C-000299, unreported.
[2] See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384, 385; State ex rel. Montgomery v. R D Chem. Co. (1995),72 Ohio St.3d 202, 203-204, 648 N.E.2d 821, 822.
[3] See Papadelis v. First American Savings Bank (1996),112 Ohio App.3d 576, 581, 679 N.E.2d 356, 359-360; see, also, State v.Robinson (1978), 53 Ohio St.2d 211, 214, 373 N.E.2d 1257, 1259.