OPINION
Appellant, Robert S. Lewis, appeals from the September 7, 2000 judgment entry of the Lake County Court of Common Pleas, Domestic Relations Division, ordering that his child support obligation be increased to $595.09 per month, per child.
Appellant and appellee, Laura M. Lewis, were married on July 9, 1981. Two children were born as issue of the marriage: Jason Lewis, who was born on February 15, 1981, and Joshua Lewis, who was born on November 4, 1989.[1] A judgment entry for divorce was filed on July 10, 1992, with custody being awarded to appellee. Appellant was ordered to pay child support in the amount of $248.50 per month, per child. On August 12, 1993, appellant filed a motion to modify child support, requesting a reduction in the amount of his child support obligation. At appellant's request, and acting upon the recommendation of the referee, the trial court dismissed appellant's motion without prejudice in a February 25, 1994 judgment entry.
An administrative review of appellant's child support obligation was held in July 2000.[2] At that review, appellee stated that she believed that appellant had an income of approximately $50,000 per year. She further stated that she had no earnings due to a medical disability. On or about July 27, 2000, the Lake County Child Support Enforcement Division ("CSED") sent appellant notice of its recommendation that his child support obligation be increased to $595.03 per month, and that he had the right to request an administrative hearing and present testimony and evidence. Appellant never requested an administrative hearing. Consequently, on September 28, 2000, the trial court revised appellant's child support obligation to accord with CSED's recommendation. Appellant did not request a new trial. Instead, he filed a timely appeal from the September 28, 2000 judgment entry, making the following assignment of error:
 "The trial court erred and abused its discretion by modifying [a]ppellant's child support and not following [R.C. 3113.215(B)(4)]."
 The standard of review applied by this court in a domestic relations matter is abuse of discretion. Smith v. Smith (Dec. 22, 2000), Lake App. No. 99-L-123, unreported, 2000 WL 1876639, at 3, citing Booth v. Booth (1989), 44 Ohio St.3d 142, 144. Appellant contends that the trial court abused its discretion when it increased his child support obligation because his income was $20,000 per year, not $50,000 per year as the trial court concluded. We disagree with appellant's contention that the trial court abused its discretion.
Appellant failed to attend the administrative review. In his brief, appellant offers no explanation for his absence. When he received notice of CSED's recommendation that his child support obligation be increased, he declined to request an administrative hearing. Further, after the trial court entered judgment, he did not request a new trial. Therefore, the only evidence before the trial court as to appellant's earnings was appellee's statement that appellant earned $50,000 per year. In the absence of any evidence to the contrary, the trial court had no choice but to enter judgment on behalf of appellee.
If appellant is correct in asserting that his income is, in fact, $20,000 per year, a fact which he failed to document in the proceedings below, the appropriate remedy for him to pursue, at this time, would be to request an administrative review of his child support obligations. Evidence of appellant's income that was not before the trial court cannot be considered by this court on appeal. Papadelis v. First Am. Sav. Bank
(1996), 112 Ohio App.3d 576, 581.
Appellant further argues that even if the trial court correctly determined appellant's income, it erred in finding that appellee had no income. Appellant suggests that although appellee is unemployed, an income equivalent to minimum wage should have been imputed to her. However, before a court can impute income to a party, it must find that the party is voluntarily underemployed. Hambach v. Hambach (Aug. 28, 2000), Stark App. No. 99CA396, unreported, 2000 WL 1275505, at 2, citingRock v. Cabral (1993), 67 Ohio St.3d 108. In the instant case, appellee provided evidence that she had a medical disability. Because there was evidence before the trial court that appellee's underemployment was not voluntary, we cannot conclude that the trial court abused its discretion by declining to impute income to her.
For the foregoing reasons, appellant's assignment of error is not well-taken, and the judgment of the Lake County Domestic Relations Court is affirmed.
JUDGE DONALD R. FORD, O'NEILL, P.J., NADER, J., concur.
[1] Jason was nineteen years old at the time of the trial court's September 7, 2000 judgment entry.
[2] According to appellee's brief, she requested the review in May 2000, and it was held on July 11, 2000. There is nothing in the record to support appellee's assertions; however, appellant does not contest these facts.