JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1.
 {¶ 2} Defendant Samuel Henes appeals from the order of the trial court that granted summary judgment to plaintiff Household Realty Corp. ("Household") in plaintiff`s action for collection of a defaulted loan. For the reasons set forth below, we affirm.
 {¶ 3} On April 23, 2006, Household filed this action alleging that defendant had defaulted upon a promissory note and that $9,326.03 plus interest is due and owing. Defendant filed an answer in which he admitted that money was due and owing under the note, but he disputed the amount of the debt. Household subsequently moved for summary judgment and asserted that the debt arose from the combination of two separate accounts, including a previous balance of $5,027.05 and a second debt in the amount of $3,022.95. Household also submitted an affidavit of Vida Bostic, manager of this account for Household, which indicated that $9,326.03 was due on the combined accounts.
 {¶ 4} In a brief in opposition, defendant complained that the affiant was not properly identified, her personal knowledge of the transaction was not properly established, and that the affiant did not incorporate by reference other loan exhibits attached to Household`s motion for summary judgment. Household then submitted *Page 4 
a response which contained the affidavit of Account Representative Patricia Garcia. In relevant part, Garcia averred as follows:
 {¶ 5} "1. That I, Patricia Garcia, being first duly sworn, deposed and say that I am the Account Representative for Plaintiff, Household Realty Corp., in the above captioned case and am competent to testify to the matters stated herein, which are made on my personal knowledge and are true and correct.
 {¶ 6} "2. That Affiant is familiar with Defendant`s payment history and account records, and this sworn Affidavit is based on Affiant`s personal knowledge of the same.
 {¶ 7} "3. That all of the documents attached to Plaintiff`s Motion for Summary Judgment are true and accurate copies of the documents maintained by Plaintiff in the ordinary course of its business. That it is the regular practice of Plaintiff to maintain these records contemporaneously and record, report and compile the information contained therein.
 {¶ 8} "4. That there is justly due and owing on an extension of credit know as Account xxxxxxxxxxxxx 8384 held by Defendant and owing to the Plaintiff an amount of $9,326.03 plus interest at the contractual rate of 25% per annum from April 13, 2006 as evidenced by the contract and payment history attached to Plaintiff`s Motion for Summary Judgment." *Page 5 
 {¶ 9} The trial court granted Household`s motion for summary judgment. Defendant now appeals and asserts that the trial court erred in considering Household`s affidavits and in awarding summary judgment to Household.
 {¶ 10} The form of evidence offered to support or defend a summary judgment motion is set forth in Civ.R. 56(E) which provides in relevant part as follows:
 {¶ 11} "Form of affidavits; further testimony; defense required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. * * *"
 {¶ 12} The term "personal knowledge" has been defined as "knowledge gained through firsthand observation or experience, as distinguished from a belief based upon what someone else has said." Bonacorsi v.Wheeling Lake Erie Ry. Co., 95 Ohio St. 3d 314, 2002-Ohio-2220,767 N.E.2d 707. Where the affiant avers that he or she has personal knowledge of the transaction this fact cannot be disputed absent evidence to the contrary. Papadelis v. First American Sav. Bank (1996),112 Ohio App.3d 576, 679 N.E.2d 356. Moreover, evidence which does not comply with this rule is subject to a motion to strike, but the trial court is vested with discretion to grant or deny such a motion.Samadder v. DMF of Ohio, Inc., *Page 6 154 Ohio App.3d 770, 777, 2003-Ohio-5340, 798 N.E.2d 1141. A trial court`s decision to grant a motion to strike will not be overturned on appeal absent an abuse of discretion. Bonacorsi v. Wheeling Lake Erie Ry.Co., supra. An abuse of discretion is more than an error of law or mistake of judgment, the term implies that the court`s attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 13} We find no abuse of discretion in this matter. The affidavit of Bostic was properly supplemented pursuant to the clear provisions of Civ.R. 56(E). Moreover, Garcia averred that she had personal knowledge of the account and that the amount of the debt is $9,326.03. Although defendant is unclear as to the meaning of Garcia`s job title, there was no evidence to demonstrate that she was without personal knowledge of the account, and no evidence of any kind was presented to create a genuine issue of material fact with regard to the amount of the debt.
 {¶ 14} The assignment of error is without merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J., and KENNETH A. ROCCO, J., CONCUR *Page 1