[Cite as *Sloan v. Asian Evergreen Hous.*, 2011-Ohio-3070.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95962**

---

## NIKKI SLOAN

PLAINTIFF-APPELLANT

vs.

## ASIAN EVERGREEN HOUSING, ET AL.

DEFENDANTS-APPELLEES

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-707964

**BEFORE:** Sweeney, P.J., Rocco, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 23, 2011

**ATTORNEYS FOR APPELLANT**

Thomas J. Escovar, Esq.
Eric W. Henry, Esq.
Steuer, Escovar, Berke & Brown Co.
55 Public Square, Suite 1475
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEES**

Denise B. Workum, Esq.
Lakeside Place - Suite 410
323 Lakeside Avenue, West
Cleveland, Ohio 44113

JAMES J. SWEENEY, P.J.:

{¶ 1} Plaintiff-appellant Nikki Sloan ("plaintiff") appeals the court's granting defendant Asia Plaza Company's ("defendant") motion for summary judgment. After reviewing the facts of the case and pertinent law, we affirm.

{¶ 2} On February 11, 2008, plaintiff went to 2999 Payne Avenue in Cleveland, which is a commercial building owned by defendant, to pay her monthly rent. Plaintiff walked through the building's front door and immediately slipped and fell, sustaining injuries.

{¶ 3} On January 26, 2010, plaintiff filed a lawsuit against defendant, alleging negligence. On October 12, 2010, the court granted defendant's summary judgment motion, finding that the undisputed facts show plaintiff fell "for no apparent reason since [plaintiff] does not provide evidence of a cause for her fall."

{¶ 4} Plaintiff appeals and raises two assignments of error for our review.

{¶ 5} "I. The trial court incorrectly granted summary judgment in favor of defendant when genuine issues of material fact remain precluding summary judgment as a matter of law."

{¶ 6} "II. The trial court incorrectly relied on testimony that the plaintiff did not see a dangerous condition as evidence that the dangerous condition did not exist. Specifically, in the presence of sworn testimony that the plaintiff fell on slush and water."

{¶ 7} Appellate review of summary judgment is de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. The Ohio Supreme Court stated the appropriate test in *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, as follows:

{¶ 8} "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264, 273–274."

**{¶ 9}** If the party moving for summary judgment satisfies this burden, "the nonmoving party has a reciprocal burden outlined in * * * Civ.R. 56(E), which provides that: 'When a motion for summary judgment is made and supported as provided in this rule, an adverse *party may not rest upon the mere allegations or denials of his pleadings*, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.'" *Dresher*, 75 Ohio St.3d at 293 (Emphasis added.)

**{¶ 10}** Pursuant to Civ.R. 56(C), the only evidence that may be considered by a trial court ruling on a summary judgment motion is "the pleadings, depositions, *answers to interrogatories*, written admissions, transcripts of evidence, and written stipulations of fact, if any, *timely filed in the action* * * *." (Emphasis added.)

**{¶ 11}** In the instant case, plaintiff alleged in her complaint that defendant negligently maintained the floor, and as a result, plaintiff "slipped on an accumulation of ice, slush and water * * *." The duty of care defendant, as a landowner, owed plaintiff, as an invitee, is undisputed: "to exercise ordinary care in maintaining its premises in a reasonably safe condition in order to insure that the invitee is not unnecessarily and unreasonably exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 480 N.E.2d 474; *Light v. Ohio Univ.* (1986), 28 Ohio St.3d 66, 502 N.E.2d 611." *Kircher v. Shooters on the Water, Inc.*, 167 Ohio App.3d 708, 2006-Ohio-3583, 856 N.E.2d 1026, ¶18.

{¶ 12} Defendant argues that plaintiff presented no evidence "that any hazardous condition caused her to fall." Defendant cites to plaintiff's deposition, in which she testified that she did not see snow, slush, or ice on the sidewalk, steps, or outside the front door to the building. Plaintiff further testified as follows: "I pulled the door out, walked in. As soon as I walked in, I slipped, my feet came up from under me." Asked what caused her to fall, plaintiff stated, "There was nothing there." Asked if she saw anything wet or any snow, plaintiff answered, "No." Plaintiff was asked again, "* * * at any point from when you went in until you exited the building, did you see anything on the ground that could cause you to fall?" Plaintiff answered, "No."

{¶ 13} We find that defendant met its initial burden of showing that there was no genuine issue of material fact. Beyond the allegation in her complaint, plaintiff offered no evidence that defendant breached its duty by failing to maintain its premises in a reasonably safe condition.

{¶ 14} The burden then shifted to plaintiff to show a specific factual issue for trial, supported by Civ.R. 56(C) evidence. In opposition to defendant's summary judgment motion, plaintiff argued that the issue for trial was whether "the dangerous condition would be unobservable to someone entering the building." Plaintiff presents a sound legal theory, in that whether a hazard is "open and obvious" may affect the outcome of a premises liability claim. See *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d

1088.  However, plaintiff failed to present evidence that a dangerous condition existed.   Cf. *Bond v. Mathias* (Mar. 17, 1995), Trumbull App. No. 94-T-5081 (holding that "it is basic black letter law that unless proximate cause resulting from a breach of duty (an unreasonably dangerous condition) is established and proven, an otherwise unexplained slip and fall does not confer liability on a shop owner").

{¶ 15} On appeal, plaintiff argues that her written responses to defendant's interrogatories indicate that the dangerous condition on defendant's premises was "slush and water."   However, plaintiff did not refer to or attach her interrogatory answers in opposing defendant's summary judgment motion, nor did she file them at any time in the trial court.   See Civ.R. 56(C).   Plaintiff raises this issue for the first time on appeal and requests that the trial court record be corrected or modified pursuant to App.R. 9(E) to include this evidence.

{¶ 16} "A reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings and then decide the appeal on the basis of the new evidence. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 377 N.E.2d 500."   *Papadelis v. First Am. Sav. Bank* (1996), 112 Ohio App.3d 576, 679 N.E.2d 356.

{¶ 17} We find that plaintiff's answers to defendant's interrogatories were not before the trial court when it granted defendant's summary judgment motion.   Considering the evidence presented in accordance with Civ.R. 56(C), we find no genuine issue of material fact regarding a dangerous or hazardous condition on defendant's floor.   Without evidence that

defendant breached its duty, defendant is entitled to judgment as a matter of law.   Plaintiff's two assignments of error are overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____

JAMES J. SWEENEY, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN A. GALLAGHER, J., CONCUR